Name: Achilles D. Corelleone

Address: General Delivery
San Diego, CA  92138



FILED

07 NOV -1 AM 10:59

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY:                              DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

---

ACHILLES D. CORELLEONE,
    Plaintiff,

Case No. 07 CV 2094 L (NLS)

v.

STATE OF CALIFORNIA,
CITY OF SAN DIEGO, CA
COUNTY OF SAN DIEGO, CA
JOHN DOES 1 THRU 5,
    Et. Al, Respondents,

**Complaint Under the
Civil Rights Act
42 U.S.C. § 1983**

---

*COMES NOW,* Achilles D. Corelleone, plaintiff, pro-se, and complains against the above named respondents as follows;

**Cal. Penal Code Ann. 647 (e) (West 1970)**, requires persons who loiter or wander on the streets to identify themselves and to account for their presence when requested by a peace officer. The California Court of Appeal has construed the statute to require a person to provide "credible and reliable" identification when requested by a police officer who has reasonable suspicion of criminal activity sufficient to justify a stop under the standards of **Terry v. Ohio, 392 U.S. 1** . The California court has defined "credible and reliable" identification as "carrying reasonable assurance that the identification is authentic and providing means for later getting in touch with the person who has

identified himself." The District Court held the statute unconstitutional and enjoined its enforcement, and the Court of Appeals affirmed.

*Held:*

The statute, as drafted and as construed by the state court, is unconstitutionally vague on its face within the meaning of the Due Process Clause of the Fourteenth Amendment by failing to clarify what is contemplated by the requirement that a suspect provide a "credible and reliable" identification. . As such, the statute vests virtually complete discretion in the hands of the police to determine whether the suspect has satisfied the statute and must be permitted to go on his way in the absence of probable cause to arrest. Pp. 355-361. *see Kolender v. Lawson, 461 U.S. 352 (1983).*

In **Kolender** the United States Supreme Court held that **California Penal Code 647 (e)** was unconstitutionally vague on its face within the Due Process Clause of the 14th Amendment yet the State of California, its cities, towns municipalities continue to enforce the state by ticket/summons, arrest and detention. Enforcement of this statute does in fact violate the rights of persons and is done knowingly, wantonly and willfully with total disregard of the rights people guaranteed by the Constitution of the United States. The 14th Amendment of the constitution reads as follows;

*Amendment XIV*

*Section 1. All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the state wherein they reside. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*

The plaintiff has been stopped in Santa Cruz, CA , Redondo Beach, CA, Oceanside, CA and San Diego, CA and Santa Monica, CA and has been detained and questioned by police. Police have always approached the plaintiff (with exception of San Diego) and asked "Do you mind if I talk to you?" . The plaintiff has always asked "About what, am I suspected of committing a crime?".  The answer by the police, except in San Diego's case; the police have said that they had never seen the plaintiff before, then asked for his Identification. When the plaintiff has stated that the stop by police is not a **"Terry Stop"** and that he was being detained in violation of his rights, the police officers state that he is not detained. Yet when the plaintiff has asked if he is free to go the answer has always been no.

In the San Diego instance the plaintiff was standing outside of a church on 3rd and Date streets on August 26, 2007, when officers pulled up, got out of their car and approached a group of people standing waiting for an afternoon meal served by the church. The officers directed the question **"Are any of you here on probation or parole"** to everyone. The plaintiff was not wearing a shirt and has multiple tattoos on his arms, chest and stomach. An officer approached the plaintiff and asked "Are you on probation or parole?", the plaintiff stated he was not. The officer asked for the plaintiff's identification and the plaintiff asked why it was being requested. The officer stated that he was going to use the identification to see if the plaintiff was on probation or parole or had any outstanding warrants. The plaintiff stated he was not going to give his identification to the officer because it was in violation of a **"Terry Stop"** . The plaintiff asked the officer is he was suspected of committing a crime or what the officer's probable cause was. The officer responded "If you're on probation or parole or have a

warrant I don't need probable cause". The plaintiff again stated he would not provide his ID but would provide his name and Social Security number. The officer then stated that if the plaintiff did not want to cooperate that he would be placed under arrest. The plaintiff asked on what charges the officer would arrest him; the officer responded that the plaintiff was loitering and impeding and investigation. The plaintiff again asked what crime he was suspected of committing and the officer stated that the plaintiff was not suspected of committing a crime. The plaintiff asked why he was being detained and the officer stated the plaintiff **was not** being detained. The plaintiff asked if he was free to leave and the officer stated that unless the plaintiff provided some form of Identification he would be arrested. The officer then stated that he could hold the plaintiff for seventy two (72) hours in jail on an ID hold to determine who the plaintiff was. Fearing arrest on whatever charges the officer used to arrest the plaintiff, the plaintiff gave the officer his Identification. The officer then called in the plaintiff's information and got the response that the plaintiff was not on probation or parole and there were no outstanding warrants for the plaintiff. The officer gave the plaintiff his ID back and told the plaintiff that within ninety (90) days of contact by police, the plaintiff was required by law to obtain a California Identification. The officer then informed the plaintiff that California law requires any person to provide proper identification to a police officer whenever requested.

      On October 24, 2007 the plaintiff and friends were sitting in Balboa Park at around 11:00 pm. Four officers surrounded the plaintiff and group of friends and turned on their flashlights. The officers asked for everyone's identification and then proceeded to search everyone. One officer held the plaintiff's hands behind his back and proceeded

to take everything from the plaintiff's pockets and lay them on the picnic table. The plaintiff asked the officer why he was being detained and searched and the officer stated the plaintiff was not being detained. The plaintiff asked if he was free to go and was told no he was not. The officer then asked the plaintiff what his "drug of choice was" to which the plaintiff stated he did not do drugs. The officer then said "Okay, you didn't understand my question I guess". "What is your drug of choice?" the officer asked again, to which the plaintiff again stated he did not do drugs of any kind. The officer then stated "It would be easy to find out, I could take you in and do a blood test". At that point the plaintiff stated "Fine, take me in and good luck getting a court order to get my blood without any probable cause to even detain me". The officer then asked "Are you getting smart with me?" The plaintiff stated "No but this does not qualify as a "Terry Stop" and I'm done being harassed, either arrest me or let me leave". The officer then stated "Leave and don't let me catch you here again tonight". The plaintiff and everyone else left and went to another part of the park. At approximately 3:00 am the plaintiff and his friends were sitting down talking and the same police officers approached them again. The officer from the first episode walked up to the plaintiff and asked "Didn't you all understand me when I told you to get out of this park?" Again the plaintiff and friends were searched and had all their pockets emptied. When the officers were done the officer stated "Now I'm going to tell you all one more time to leave the park and not come back tonight, if you do I am going to arrest you all even if I have to trump up the charges to do it." He then asked "Do you all understand?" Everyone said yes and the officers told the plaintiff and friends to leave now, which they did. In both instances the police searched everyone and emptied their pockets, took their ID's and ran them for warrants without

any probable cause and without any reasonable suspicion that there was a crime committed or about to be committed.

In every instance the police have violated the rights of the plaintiff protected by the 4th and 14th Amendments of the United States Constitution. The detention of the plaintiff without probable cause and with no proof or suspicion that the plaintiff has committed a crime or about to commit a crime is in fact a violation of the plaintiff's rights. The United States Supreme Court stated in **Terry v. Ohio, 392 U.S. 1, 20 (1968)**, "on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers."

`[W]henever a police officer accosts an individual and restrains his freedom to walk away, he has "seized" that person,' id., at 16, and the Fourth Amendment requires that the seizure be `reasonable.'" (**United States v. Brignoni-Ponce, 422 U.S. 873, 878 1975).** The Fourth Amendment, of course, "applies to all seizures of the person, including seizures that involve only a brief detention short of traditional arrest. **Davis v. Mississippi, 394 U.S. 721 (1969);**

The reasonableness of seizures depends "on a balance between the public interest and the individual's right to personal security free from arbitrary interference by law officers." **Pennsylvania v. Mimms, 434 U.S. 106, 109 (1977); United States v. Brignoni-Ponce, supra, at 878.**

The 4th Amendment to the United States Constitution states as follows;

**Amendment IV**

*The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants*

*shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.*

The California statute allowing police officers to detain and seize a person who loiter or wander on the streets to identify themselves and to account for their presence when requested by a peace officer has been held by the Court of Appeals and the United States Supreme Court to be unconstitutional. However, the law has never been revised or repealed, therefore it is being used to violate the rights of people. California is obviously operating under the belief that it is not required to follow the United States Supreme Courts decisions and that it can violate the rights of citizens. The California Statute **647 (e)** basically allows police officers to stop anyone, anytime, without probable cause and demand that they provide proper identification. However, the statute does not, in detail, give a description of what proper identification is, this is left solely for the discretion of the police officer(s) to decide. Which on its face means; that any identification the officer is given is subject to the officer's whim and that he can arrest any person on the basis that the identification was not proper. Further, if the officer(s) were so inclined they could stop any person jogging or running and arrest them. It is a fact that many people do not carry their identification with them when running or jogging, therefore they are in violation of **647 (e)** and subject to arrest.

'No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law.' **Union Pac. R. Co. v. Botsford, 141 U.S. 250, 251, 11 S.Ct. 1000, 1001, 35 L.Ed. 734 (1891).**

Unquestionably plaintiff was entitled to the protection of the Fourth Amendment as he walked down the streets in California. **Beck v. State of Ohio, 379 U.S. 89, 85 S.Ct. 223, 13 L.Ed.2d 142 (1964); Rios v. United States, 364 U.S. 253, 80 S.Ct. 1431, 4 L.Ed.2d 1688 (1960); Henry v. United States, 361 U.S. 98, 80 S.Ct. 168, 4 L.Ed.2d 134 (1959); United States v. Di Re, 332 U.S. 581, 68 S.Ct. 222, 92 L.Ed. 210 (1948); Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925).**

"FN16. We thus decide nothing today concerning the constitutional propriety of an investigative 'seizure' upon less than probable cause for purposes of 'detention' and/or interrogation. Obviously, not all personal intercourse between policemen and citizens involves 'seizures' of persons. Only when the officer, by means of physical force or show of authority, has in some way restrained the liberty of a citizen may we conclude that a 'seizure' has occurred." **Terry v. Ohio, <u>392 U.S. 1, 20</u> (1968); also see Beck v. State of Ohio, 379 U.S. 89, 96--97, 85 S.Ct. 223, 229, 13 L.Ed.2d 142 (1964); Ker v. State of California, 374 U.S. 23, 34--37, 83 S.Ct. 1623, 1632, 10 L.Ed.2d 726 (1963); Wong Sun v. United States, 371 U.S. 471, 479--484, 83 S.Ct. 407, 416, 9 L.Ed.2d 441 (1963); Rios v. United States, 364 U.S. 253, 261--262, 80 S.Ct. 1431, 1437, 4 L.Ed.2d 1688 (1960); Henry v. United States, 361 U.S. 98, 100--102, 80 S.Ct. 168, 171, 4 L.Ed.2d 134 (1959); Draper v. United States, 358 U.S. 307, 312--314, 79 S.Ct. 329, 333, 3 L.Ed.2d 327 (1959); Brinegar v. United States, 338 U.S. 160, 175--178, 69 S.Ct. 1302, 1312, 93 L.Ed. 1879 (1949); Johnson v. United States, 333 U.S. 10, 15--17, 68 S.Ct. 367, 371, 92 L.Ed. 436 (1948); United States v. Di Re, 332 U.S. 581, 593--595, 68 S.Ct. 222, 229, 92 L.Ed. 210 (1948); Husty v. United States, 282 U.S. 694, 700--701, 51 S.Ct. 240, 242, 75 L.Ed. 629 (1931); Dunbra v. United States, 268 U.S. 435, 441,**

45 S.Ct. 546, 549, 69 L.Ed. 1032 (1925); Carroll v. United States, 267 U.S. 132, 159--162, 45 S.Ct. 280, 288, 69 L.Ed. 543 (1925); Stacey v. Emery, 97 U.S. 642, 645, 24 L.Ed. 1035 (1878).

San Diego police also use the pretense of seeing if someone is on probation or parole to violate citizen's rights. Using this tactic allows the police to stop anyone at anytime and use this reasoning to violate a person's rights. With no safeguards in place to protect them selves, people are at the mercy of the police who decide to use this ruse as a means to stop, detain and harass an ordinary citizen who might be merely walking down the street. Police use this tactic all the time where ever homeless/transient persons gather for meals, food pantries or homeless services. Also, around San Diego there are signs posted on many building that state **"NO LIOTERING PURSUAND TO 647 (e)"** These tactics as well as **647 (e)** allow police to violate the rights of citizens and harass the homeless. Citing a homeless person for loitering also ensures that person will be arrested at a later date because they cannot afford to pay a fine/court costs.  A homeless person is at greater risk for being cited/arrested under 647 (e) because they have no where to go and wander the streets in search of basic human necessities such as food and water. These people are not wandering the streets with "evil intent" or "criminal intent" they are merely trying to survive. Though there are some homeless who do commit crimes, the police have adopted the practice of treating all homeless persons as criminals and using laws and tactics that violate the rights of all persons. It is a fact that homeless people are an easy target for the police, many have drug and alcohol addictions, as well as mental/physical conditions.

It has long been held that ignorance of the law is no defense for crime(s); however when a law such as 647 (e), which has been ruled unconstitutional by the highest court in the land, is left in place and used to cite, arrest and jail people, then the law has become a tool to violate the rights of people. Therefore, the police use the ignorance of a person not knowing that the law is a violation of their rights to punish them.

## CLOSING ARGUMENT

It is unknown to the plaintiff if the police are aware that the statute 647 (e) has been ruled unconstitutional. Officers might very well be doing their job as they are trained based upon a tainted law, without the knowledge of the United States Supreme Courts rulings. If this is in fact the case than the burden must be placed upon the courts to intervene to ensure that the constitutional rights guaranteed to all people are protected.

In this matter the proper course by the Courts would to be permanent restraining orders and injunctions preventing the enforcement of **Cal. Penal Code Ann. 647 (e) (West 1970),** by all state of California Law Enforcement. To do less would be to condone and allow the State of California to snub its nose at the United States Supreme Court. If the State of California is allowed to disregard the decisions by the United States Supreme Court then the U.S. Supreme Court has wasted its breath as well as tax payer's dollars on their decisions. If a private person disregarded important decisions by the courts they would be held accountable. In that reasoning, the State of California must be held accountable for willfully, knowingly and wantonly violating the rights of the plaintiff as well as countless other(s). The State of California cannot use the "ignorance of law" defense because ignorance of law is not a defense. In fact ***Kolender v. Lawson, 461 U.S. 352 (1983)*** is a California case, therefore the "I didn't know" excuse cannot be used. It is

the duty of the State to provide proper training to police to enforce laws to protect people. When the police use a law that is unconstitutional it defeats the training and purpose of the police regarding people. An officer on the street may well use the "I didn't know" defense because in reality, he may not know. It therefore becomes the duty of the State, attorney general as well as city attorneys to insure that the laws being enforced are constitutional before allowing the enforcement of the laws. The biggest burden however falls upon the government of the State of California for having failed to repeal/revise the law. Again there cannot be a "I didn't know" defense because of the Kolander case, which the U.S. Supreme Court made clear that they found **647 (e)** to be unconstitutional. The State of California did not repeal/revise the law, they simply decided to ignore a decision by the U.S. Supreme court and allow the law to remain exactly as it was. Also, the Courts at the City, County and State level are also to blame for enforcing this law and condoning its use. A defendant in a case relies upon a fair and impartial hearing/trial before the courts based upon drafting, passage and enforcement of laws that protect their rights. When the courts use a law that is tainted and ruled unconstitutional by the highest court of the land, they to become willing conspirators and participants in the violation(s) of people rights. **647 (e)** was ruled unconstitutional in 1983 and for over twenty (20) years this law has remained worded exactly as it was before the **Kolender v. Lawson** case. It maybe impossible to determine how many people have been subjected to punishment under **647 (e)** but now is the time to stop its enforcement and it is this courts duty to protect the rights guaranteed by the United States Constitution. The duty also falls upon this court to protect the rights of the plaintiff's that have been violated by the actions described herein and hold those responsible accountable.

## **PRAYER FOR RELIEF**

**WHEREFORE,** the plaintiff prays for the flowing relief from this Honorable Court;

1. 1. Permanent Restraining Order(s) against the State of California, its Cities, Counties, Municipalities and all others in active concert with them from enforcing **Cal. Penal Code Ann. 647 (e)** against all persons within the State of California.

2. 2. Permanent emergency injunction preventing the enforcement of **Cal. Penal Code Ann. 647 (e)** against all persons within the State of California. Injunctive relief is requested to prevent irreparable damage/injury to the rights of all persons.

3. 3. Punitive damages in an amount to be determined by this Honorable Court.

4. 4. Declaratory relief to be determined by this Honorable Court.

5. 5. Compensatory damages to be determined by this Honorable Court.

6. 6. Any other relief this Honorable Court deems just and proper.

Dated this ___1___ day of __November__ 2007

*/s/ Achilles Corelleone*
**Achilles D. Corelleone**, plaintiff, pro-se

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
Achilles D. Corelleone

**DEFENDANTS**
State of California, City of Oceanside, City of San Diego, City of San Diego, County of San Diego District of Residents

**(b)** County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant San Diego
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Attorneys (If Known) '07 CV 2094 L (NLS)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | PROPERTY RIGHTS | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY ☐ 370 Other Fraud ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health ☐ 690 Other | ☐ 840 Trademark | ☐ 480 Consumer Credit ☐ 490 Cable/Sat TV ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | LABOR | SOCIAL SECURITY | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) ☐ 862 Black Lung (923) | ☐ .5 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 195 Contract Product Liability | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts ☐ 892 Economic Stabilization Act |
| ☐ 196 Franchise | | | ☐ 740 Railway Labor Act | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Habeas Corpus: | | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | | | ☒ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
42 USC 1983
Brief description of cause: State Penal Code 647(e) is unconstitutional, violation of 4th, 5th and 14th Amendments of the Constitution

**VII. REQUESTED IN COMPLAINT:**
☒ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 5 million per plaintiff
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** (See instructions):
JUDGE _____ DOCKET NUMBER _____

DATE 11-1-07
SIGNATURE OF ATTORNEY OF RECORD Achilles Corelleone

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____