UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

FILED

07 NOV -1 AM 10: 59

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

ACHILLES CORELLONE,
                    Plaintiff,

Case No: 07 ___ 2094 L (NLS)

v.

STATE OF CALIFORNIA,
CITY OF SAN DIEGO,
CITY OF OCEANSIDE,
COUNTY OF SAN DIEGO,
                    Et. Al,. Respondents,

**MOTION FOR PPRELIMINARY
INJUNCTION**

---

**COMES NOW,** Achilles Corelleone, plaintiff, pro-se, and hereby moves this

Honorable Court for a Preliminary Injunction in the above-entitled cause, enjoining the

Respondents, State Of California, City of San Diego, City of Oceanside, County of San

Diego, their agents, servants, employees and attorneys and all those in active concert or

participation with them from enforcing California State Statutes **647 (e).**

The grounds in support of this motion are as follows: California State Statute **647**

**(e)** was in fact found to be un constitutional by the California Court of Appeals and the

United States Supreme Court in 1983, see **KOLENDER v. LAWSON, 461 U.S. 352**

**(1983).** The United States Supreme Court stated as follows;

A California statute requires persons who loiter or wander on the streets to identify

themselves and to account for their presence when requested by a peace officer. The

California Court of Appeal has construed the statute to require a person to provide

"credible and reliable" identification when requested by a police officer who has

reasonable suspicion of criminal activity sufficient to justify a stop under the standards of

Terry v. Ohio, 392 U.S. 1 . The California court has defined "credible and reliable" identification as "carrying reasonable assurance that the identification is authentic and providing means for later getting in touch with the person who has identified himself." Appellee, who had been arrested and convicted under the statute, brought an action in Federal District Court challenging the statute's constitutionality. The District Court held the statute unconstitutional and enjoined its enforcement, and the Court of Appeals affirmed.

Unless restrained Respondents will immediately use this statute to ticket, arrest and harass persons.

Immediate and irreparable injury, loss, arrest and harassment will result to the plaintiff by reason of the enforcement of **California State Statute 647 (e)**, as more particularly appears in the Complaint filed in this action. The Plaintiff has no adequate remedy at law.

If this preliminary injunction is granted, the injury, if any, to the Respondents, if final judgment is in their favor, will be inconsiderable.

Plaintiff prays that a preliminary injunction shall issue after due notice of this application and that  Defendants be Ordered on a day fixed to show cause why a preliminary injunction should not be granted.

Plaintiff also prays pending the hearing, a temporary restraining order issue restraining the Defendants and each of them, their agents, representatives' employees and all those in active concert with them from enforcing **California State Statute 647 (e).**

Dated this _ / _ day of _ November _ 2007

*Achilles Corelleone*

Achilles Corelleone, plaintiff, pro-se