1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General
3 | CONSTANCE L. LELOUIS
Supervising Deputy Attorney General
4 | DANIEL J. POWELL, State Bar No. 230304
Deputy Attorney General
5 |  455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
6 |  Telephone:  (415) 703-5830
Fax:  (415) 703-1234
7 |  Email:  Daniel.Powell@doj.ca.gov

8 | Attorneys for Defendant State of California

9 | IN THE UNITED STATES DISTRICT COURT

10 | FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ACHILLES D. CORELLEONE,** | 07cv2094 L (NLS) |
| Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS DEFENDANT STATE OF CALIFORNIA** |
| v. | |
| **STATE OF CALIFORNIA, et al.,** | |
| Defendants. | Hearing:    April 28, 2008<br>Time:        10:30 a.m.<br>Courtroom: 14<br>Judge:       The Honorable M. James Lorenz |

**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES .......... 1

INTRODUCTION .......... 1

STATEMENT OF THE CASE .......... 2

ARGUMENT .......... 3

    I.    THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS .......... 3

        A.  Plaintiff's Suit Against The State Of California Is Barred By The Eleventh Amendment .......... 3

        B.  Plaintiff Lacks Standing To Seek Injunctive Relief .......... 4

    II.   BECAUSE CALIFORNIA IS NOT A "PERSON" UNDER SECTION 1983, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED .......... 7

    III.  THE COMPLAINT FAILS TO MEET THE REQUIREMENTS OF RULE 8(a)(2) .......... 9

CONCLUSION .......... 10

**TABLE OF AUTHORITIES**

**Page**

**Cases**

*Almond Hill School v. U.S. Dept. of Agriculture*
768 F.2d 1030 (9th Cir. 1985) ................................................................. 3, 4

*Baker v. State of California*
2005 WL 1683671 (E.D. Cal. July 11, 2005) ............................................ 8

*Bates v. United Parcel Service, Inc.*
511 F.3d 974 (9th Cir. 2007) ..................................................................... 5

*Bell Atlantic Corp. v. Twombly*
127 S.Ct. 1955 (2007) ................................................................................ 9

*Bernhardt v. County of Los Angles*
279 F.3d 862 (9th Cir. 2002) ..................................................................... 6

*Chandler v. Wilson*
2006 WL 195087 (E.D. Cal. January 24, 2006) ....................................... 8

*Conley v. Gibson*
355 U.S. 41 (1957) ...................................................................................... 9

*Davis v. Passman*
442 U.S. 228 (1979) .................................................................................... 9

*Denney v. Drug Enforcement Admin.*
508 F.Supp.2d 815 (E.D. Cal. 2007) ........................................................ 3

*Dittman v. California*
191 F.3d 1020 (9th Cir. 1999) ................................................................... 4

*Edelman v. Jordan*
415 U.S. 651 (1974) .................................................................................... 4

*Franco v. Marin County*
579 F.Supp. 1032, (N.D. Cal. 1984) ......................................................... 4

*Hangarter v. Provident Life and Acc. Ins. Co.*
373 F.3d 998 (9th Cir. 2004) ..................................................................... 5

*Hans v. Louisiana*
134 U.S. 1 (1890) ........................................................................................ 3

*Hibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt County*
542 U.S. 177 (2004) .................................................................................... 7

*Ivey v. Board of Regents of Univ. of Alaska*
673 F.2d 266 (9th Cir.1982) ...................................................................... 7

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Jones v. Community Redevelopment Agency*
733 F.2d 646 (9th Cir. 1984) .......................................................................... 7

*Kolender v. Lawson*
461 U.S. 352 (1983) ....................................................................................... 2

*Los Angeles v. Lyons*
461 U.S. 95 (1983) ...................................................................................... 5, 6

*Lujan v. Defenders of Wildlife*
504 U.S. 555 (1992) ....................................................................................... 5

*McHenry v. Renne*
84 F.3d 1172 (9th Cir. 1996) ......................................................................... 9

*Pena v. Gardner*
976 F.2d 469 (9th Cir. 1992) ......................................................................... 7

*Pennhurst State School and Hosp. v. Halderman*
465 U.S. 89 (1984) ......................................................................................... 3

*Pittman v. State of Oregon*
409 F.3d 1065 (9th Cir. 2007) ....................................................................... 8

*Quern v. Jordan*
440 U.S. 332 (1979) ....................................................................................... 4

*Ricotta v. State of California*
4 F.Supp.2d 961 (S.D. Cal. 1998) ................................................................. 4

*Riggle v. State of California*
577 F.2d 579 (9th Cir. 1978) ......................................................................... 4

*Robertson v. Dean Whitter Reynolds, Inc.*
749 F.2d 530 (9th Cir. 1984) ......................................................................... 7

*Robinson v. State of California*
2005 WL 1561524 (E.D. Cal. June 29, 2005) ............................................... 9

*Romano v. Bible*
169 F.3d 1182 (9th Cir. 1999) ....................................................................... 3

*Rounds v. Oregon State Bd. of Higher Educ.*
166 F.3d 1032 (9th Cir. 1999) ....................................................................... 4

*San Diego County Gun Rights Committee v. Reno*
98 F.3d 1121 (9th Cir. 1996) ...................................................................... 5, 6

*Terry v. Ohio*
392 U.S. 1 (1968) ........................................................................................... 6

**TABLE OF AUTHORITIES  (continued)**

**Page**

*Tolles, Inc. v. County of San Diego*
505 F.3d 935 (9th Cir. 2007) ..... 9

*United States v. Diaz-Castaneda*
494 F.3d 1146 (9th Cir. 2007) ..... 7

*United States v. Orman*
486 F.3d 1170 (9th Cir. 2007) ..... 6

*Walsh v. Nevada Dept. of Human Resources*
471 F.3d 1033 (9th Cir. 2006) ..... 9

*Will v. Michigan Department of State Police*
491 U.S. 58 (1989) ..... 8

**Constitutional Provisions**

United States Constitution
    Fourth Amendment ..... 1, 2, 7
    Eleventh Amendment ..... 1, 4
    Fourteenth Amendments ..... 1, 2

**Statutes**

United States Code, Title 42
    § 1983 ..... 1, 2, 4, 8

California Penal Code
    § 647(e) ..... 2, 6

California Government Code
    § 810 et seq ..... 4

San Diego Municipal Code
    § 52.30.2 ..... 7

**Court Rules**

Federal Rules of Civil Procedure
    Rule 8(a)(2) ..... 1, 9
    Rule 10(b) ..... 2
    Rule 12(b)(1) ..... 3
    Rule 12(b)(6) ..... 7

Civil Local Rule
    Rule 5.1(k) ..... 2

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

In his complaint, plaintiff alleges that local law enforcement officials twice stopped him and asked for identification, actions that plaintiff cursorily alleges violate the Fourth and Fourteenth Amendments to the United States Constitution. Although plaintiff has nowhere alleged conduct on the part of the State of California that gives rise to his asserted causes of action, he nevertheless brings suit against the State of California pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

Plaintiff's complaint fails for multiple reasons, however, and it should be dismissed with prejudice as against the State of California. Under settled law, the Eleventh Amendment to the United States Constitution absolutely bars any suit in federal court against a State by a citizen of that State, regardless of the relief requested. Further, because he has not properly alleged an injury-in-fact or shown that injunctive relief would redress his perceived harm, plaintiff lacks standing to seek injunctive relief. Hence, this Court lacks subject matter jurisdiction over this Complaint. Morever, the Supreme Court has made clear that states such as California are not "persons" for purposes of suit under 42 U.S.C. § 1983. As this statute forms the sole basis for plaintiff's requested relief, he has failed to state a claim for which relief can be granted, and his complaint should be dismissed for this independent reason. Finally, plaintiff has failed to comply with the basic requirements of Fed. R. Civ. P. 8(a)(2). Nowhere in the complaint does Plaintiff allege any conduct by the State of California, and has failed to put the State of California on notice as to the nature of the claims being asserted against it.

This case involves no allegations of action by the State, but rather concerns actions by local law enforcement officials that in no way involve the State of California. Moreover, as this suit is barred by the Eleventh Amendment, and the State of California is not a proper defendant under Section 1983, any attempt by the plaintiff to amend the Complaint will be futile. Accordingly, the State respectfully requests that the Court grant the Motion to Dismiss, without leave to amend.

**STATEMENT OF THE CASE**

This case is based on two purportedly illegal stops of plaintiff by local law enforcement officials. In the first, officers allegedly approached plaintiff and after asking if he was on probation or parole, requested identification. (Compl. p. 3)[1] Although he initially refused, plaintiff alleges that he provided the identification after police threatened to incarcerate him if he failed to comply with their request. (*Id*. at 4.) When plaintiff asked if he was being detained, the officer responded that he was not. (*Id*.)

In the second instance, plaintiff and several other individuals were sitting in a park at approximately 11 p.m. when local law enforcement officers allegedly asked for each individual's identification and ordered them to empty their pockets. (*Id*. at 5). The officers then ordered the group to leave the park, but then encountered them again (four hours later) at approximately 3:00 a.m. The plaintiff alleges that the officers once again asked the individuals to remove the contents of their pockets and again ordered them to leave the park.

Plaintiff alleges that these actions by local law enforcement officials violated the Fourth and Fourteenth Amendments. (*Id*. at 6). According to the plaintiff, the officers were operating under California Penal Code section 647(e), which was held to be unconstitutionally vague by the Supreme Court in *Kolender v. Lawson*, 461 U.S. 352 (1983). (Compl. p. 7). Plaintiff makes no factual allegations supporting the assertion that officers were acting pursuant to section 647(e). Nevertheless, he seeks injunctive relief barring the State from enforcing section 647(e), as well as compensatory and punitive damages. (*Id*. at 12). Although mentioned nowhere in his complaint, the caption page indicates that plaintiff brings this action under the Civil Rights Act, 42 U.S.C. § 1983. (*Id*. at 1).

---

1. Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 10(b) and CivLR 5.1(k), which require that averments be made in numbered paragraphs. Accordingly, counsel will refer to the page number listed in the heading on the electronically filed copy of the Complaint (Compl. p. __).

Memorandum of Points and Authorities                Case No. 07cv2094 L (NLS), *Corelleone v. California, et al.*

**ARGUMENT**

**I.**

**THIS COURT LACKS JURISDICTION OVER PLAINTIFF'S CLAIMS**

In ruling on a motion to dismiss for lack of subject matter jurisdiction brought under Fed. R. Civ. P. 12(b)(1), the Court must assume the truth of the allegations made in support of subject matter jurisdiction, and will grant the motion if plaintiff has failed to allege an element necessary for subject matter jurisdiction. *Denney v. Drug Enforcement Admin.*, 508 F.Supp.2d 815, 824 (E.D. Cal. 2007). The plaintiff carries the burden of alleging facts sufficient to establish subject matter jurisdiction. *Id.* Plaintiff has not met his burden.

**A. Plaintiff's Suit Against The State Of California Is Barred By The Eleventh Amendment**

Under the principle of sovereign immunity as reflected in the Eleventh Amendment, the State of California is immune from plaintiff's suit, and hence this Court lacks subject matter jurisdiction over the complaint. *See Almond Hill School v. U.S. Dept. of Agriculture*, 768 F.2d 1030, 1035 (9th Cir. 1985) (ordering district court to dismiss state agency for lack of subject matter jurisdiction where the agency was protected by state sovereign immunity). The Eleventh Amendment provides:

> The judicial power of the United States shall not be construed to extend to any suit in law or equity commenced or prosecuted against one of the United States by citizens of another State, or by citizens or subjects of any foreign state.

Federal courts have consistently held that the Eleventh Amendment's grant of state sovereign immunity extends to suits in federal court brought by a citizen against his or her own state. *See Hans v. Louisiana*, 134 U.S. 1, 14–15 (1890); *Pennhurst State School and Hosp. v. Halderman*, 465 U.S. 89, 100 (1984).

Absent a waiver of sovereign immunity, the Eleventh Amendment provides an absolute bar against suing a State in federal court, regardless of the type of relief requested. *See Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) ("The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state") (citing *Pennhurst*, 465 U.S. at 100); *Almond Hill School*, 768 F.2d at 1034-1035. In the present case,

the State of California has *not* waived its sovereign immunity as to the claims presented in plaintiff's complaint. While California has consented to be sued in its own courts pursuant to the California Tort Claims Act, Cal. Govt. Code § 810 et seq., this consent does not imply waiver of its sovereign immunity in federal court under the Eleventh Amendment. *Riggle v. State of California*, 577 F.2d 579 (9th Cir. 1978).

Finally, it is clear that Congress did not abrogate state sovereign immunity in passing the Civil Rights Act. *See Edelman v. Jordan*, 415 U.S. 651, 676–677 (1974) (rejecting argument that "section 1983 was intended to create a waiver of a State's Eleventh Amendment immunity"); *Quern v. Jordan*, 440 U.S. 332, 345 (1979) (reaffirming *Edelman*). As the Ninth Circuit has recognized, "[t]he State of California has not waived its Eleventh Amendment immunity with respect to claims brought under § 1983 in federal court, and the Supreme Court has held that § 1983 was not intended to abrogate a State's Eleventh Amendment immunity." *Dittman v. California*, 191 F.3d 1020, 1025–26 (9th Cir. 1999) (internal citations and quotations omitted). *See also Rounds v. Oregon State Bd. of Higher Educ.*, 166 F.3d 1032, 1035–36 (9th Cir. 1999).

Because the Eleventh Amendment absolutely bars any suit against the State of California in federal court under section 1983, dismissal of the complaint with prejudice is proper.[2] *See Ricotta v. State of California*, 4 F.Supp.2d 961, 975 (S.D. Cal. 1998) ("Pursuant to the Eleventh Amendment of the United States Constitution the State of California...must be dismissed from this case with prejudice."); *Franco v. Marin County*, 579 F.Supp. 1032, 1034–35 (N.D. Cal. 1984) ("The State is correct in its first argument that the Eleventh Amendment prevents this Court from entertaining plaintiff's action [brought under 42 U.S.C. §§ 1983 and 1985].").

**B.   Plaintiff Lacks Standing To Seek Injunctive Relief**

In addition to lacking jurisdiction under the Eleventh Amendment, this Court lacks subject matter jurisdiction as to the claims for injunctive relief due to the fact that the plaintiff lacks

---

2. Dismissal of California for lack of subject matter jurisdiction is proper even though the court may possess subject matter jurisdiction over the complaint with respect to the remaining defendants. *See Almond Hill School District*, 768 F.2d at 1034–35 (concluding the district court had subject matter jurisdiction with respect to the individually named defendants but not a state agency and ordering the district court to dismiss the latter).

standing to bring this suit. In order to have standing to meet Article III's Case or Controversy requirement, a plaintiff must meet three requirements:

> First, the plaintiff must have suffered an "injury in fact"— an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a casual connection between the injury and the conduct complained of — the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992). Moreover, the plaintiff bears the burden of alleging sufficient facts to show that he has standing. *Id*. at 561. Plaintiff can show neither injury in fact nor that the requested relief would prevent him from being stopped in the future.

First, plaintiff has not shown that he has suffered any injury in fact. "Article III standing requires an injury that is actual or imminent, not conjectural or hypothetical. In the context of injunctive relief, the plaintiff must demonstrate a real or immediate threat of an irreparable injury." *Hangarter v. Provident Life and Acc. Ins. Co.*, 373 F.3d 998, 1022 (9th Cir. 2004) (internal citations omitted). Moreover, "past wrongs do not in themselves amount to [a] real and immediate threat of injury necessary to make out a case or controversy." *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 103 (1983)).

The *Lyons* case is particularly instructive in this regard. *Lyons* involved a challenge to the use of "chokeholds" by police officers employed by the City of Los Angeles. The plaintiff, who had himself been the subject of a chokehold in the past, sought an injunction prohibiting the use of the chokehold except in certain specified circumstances. *Id*. at 98. The Supreme Court concluded that the plaintiff lacked standing to seek injunctive relief, since there was no "real and immediate threat" that he would be the subject of a chokehold in the future. *Id*. at 105.

Similarly, in *San Diego County Gun Rights Committee v. Reno*, 98 F.3d 1121 (9th Cir. 1996), the Ninth Circuit rejected a challenge to the then-newly enacted Violent Crime Control and Law Enforcement Act, concluding that the plaintiffs did not have standing to challenge the law, which had not yet gone into effect. The court relied on a number of factors in making this

determination, all of which are relevant here. First, the plaintiffs were unable to show "a *genuine* threat of *imminent* prosecution." *Id*. at 1126 (emphasis in original). Moreover, they had articulated no plans to violate the challenged law, they had suffered no *specific* threat of prosecution, and they had not been prosecuted in the past. Consequently, the Ninth Circuit held that the district court acted properly in dismissing the action for lack of standing.

The decisions in *Lyons* and *San Diego County Gun Rights Committee* control the outcome of this case. Plaintiff has made no allegations that he faces a real and imminent threat of prosecution under California Penal Code section 647(e). He has made no allegation that he has ever been arrested for or otherwise charged with a violation of section 647(e). Although plaintiff makes no specific allegation that the two stops by local law enforcement officials were premised on section 647(e), even if they were, these two incidents would still be insufficient to meet Article III's injury in fact requirement. *Lyons*, 461 U.S. at 103. Nor has plaintiff shown that he faces a specific threat of prosecution. Aside from an allegation that a sign somewhere in San Diego references section 647(e) (Compl. p. 9), plaintiff has not alleged that any law enforcement official has threatened him with prosecution under section 647(e). Accordingly, having failed to satisfy Article III's injury in fact requirement, plaintiff's request for injunctive relief should be dismissed.

Second, plaintiff cannot show that injunctive relief would redress his alleged harm. Even if this Court were to grant the requested relief and enjoin the defendants from enforcing a provision of the penal code that the Supreme Court has already ruled to be unconstitutionally vague, it would have no effect on the ability of local law enforcement officers to stop plaintiff in the future and request his identification where valid cause exists to do so. "To establish redressability, [the plaintiff] must show that it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Bernhardt v. County of Los Angles*, 279 F.3d 862, 869 (9th Cir. 2002). Here, however, even if the defendants were enjoined from enforcing Penal Code section 647(e), local law enforcement officials would still have the ability to stop the plaintiff where they had a reasonable suspicion that he was engaged in illegal activity. *See United States v. Orman*, 486 F.3d 1170, 1173 (9th Cir. 2007) (citing *Terry v. Ohio*, 392 U.S.

1, 30 (1968)). And while plaintiff appears to assume that police could only stop him and request identification under section 647(e), many municipalities, including San Diego, have ordinances prohibiting loitering, violation of which could justify a stop consistent with the Fourth Amendment. *See, e.g.,* San Diego Municipal Code § 52.30.2 ("It shall be unlawful for any person to loiter in the immediate vicinity or any premises posted as provided in this section and these Subsections."). Moreover, "the police may ask people who have legitimately been stopped for identification without conducting a Fourth Amendment search or seizure." *United States v. Diaz-Castaneda*, 494 F.3d 1146, 1152 (9th Cir. 2007). *See also Hibel v. Sixth Judicial Dist. Ct. of Nev., Humboldt County*, 542 U.S. 177, 185 (2004) ("In the ordinary course a police officer is free to ask a person for identification without implicating the Fourth Amendment."). Accordingly, plaintiff's requested injunction would have absolutely no effect on the ability of local law enforcement officials to stop plaintiff and request identification in the future. Since the injunctive relief would not redress the harms complained of by the plaintiff, he has no standing to request it.

## II.

**BECAUSE CALIFORNIA IS NOT A "PERSON" UNDER SECTION 1983, THE COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED**

Even assuming the truth of plaintiff's allegations, plaintiff has absolutely failed to state a claim against the State of California upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under Fed. R. Civ. P. 12(b)(6), a complaint will be dismissed as a matter of law for one of two reasons: "(a) lack of a cognizable legal theory or (2) insufficient facts under a cognizable legal claim." *Robertson v. Dean Whitter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984). While *pro se* complaints are admittedly held to a less stringent standard, *Jones v. Community Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984), courts have not hesitated to dismiss even a *pro se* complaint where it has failed to comply with the requirements of the Federal Rules. "A liberal interpretation of a [pro se] civil rights complaint may not supply essential elements of the claim that were not initially pled. Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Pena*

*v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir.1982)).

Here, the sole basis for plaintiff's requested relief — The Federal Civil Rights Act, 42 U.S.C. § 1983 — does not support a cause of action against any state, including defendant State of California. That provision provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom or useage, of any State or Territory, or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress..."

The Supreme Court has concluded that States are not "persons" within the meaning of the Civil Rights Act. *See Will v. Michigan Department of State Police*, 491 U.S. 58, 66 (1989) ("Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties."); *See also Pittman v. State of Oregon*, 409 F.3d 1065, 1072 (9th Cir. 2007) ("Interpreting § 1983, the Supreme Court has held that the term 'persons' under § 1983 encompasses municipalities but not states.") (emphasis added).

Accordingly, even if plaintiff had alleged some action on the part of the State of California, section 1983 does not provide plaintiff with a cause of action against it. Because the State of California is not a proper defendant under section 1983, this Court should dismiss the State of California from this action. *See Chandler v. Wilson*, 2006 WL 195087 at *1 (E.D. Cal. January 24, 2006) ("A state is not a person who can be sued for damages under § 1983...Therefore, plaintiff's § 1983 cause of action against [defendant State of California] must be dismissed.") (citing *Will*, 491 U.S. at 71); *Baker v. State of California*, 2005 WL 1683671 at *1 (E.D. Cal. July 11, 2005) ("Since only 'persons' are liable under § 1983 and 'a State is not a 'person' within the meaning of § 1983,' [the State of California's] motion to dismiss Plaintiff's fifth claim is granted.") (quoting *Will*, 491 U.S. at 65).

## III.

## THE COMPLAINT FAILS TO MEET THE REQUIREMENTS OF RULE 8(a)(2)

Under Fed. R. Civ. P. 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." *Walsh v. Nevada Dept. of Human Resources*, 471 F.3d 1033, 1036 (9th Cir. 2006). The allegations contained in the complaint must be sufficient to "give the defendant fair notice of what the ...claim is and the grounds upon which it rests." *Tolles, Inc. v. County of San Diego*, 505 F.3d 935, 943 (9th Cir. 2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). To meet this standard, the plaintiff must provide more than "labels and conclusions," and "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1959 (2007). Indeed, the plaintiff must show that he is *plausibly* entitled to relief; a mere possibility is insufficient to meet the requirements of Rule 8(a)(2). *Id*. at 1966. The failure to comply with the requirements of Rule 8 can form a basis for dismissal independent of Rule 12(b)(6). *See McHenry v. Renne*, 84 F.3d 1172, 1179 (9th Cir. 1996).

Here it is clear that even these minimal requirements are not met. Aside from a cursory allegation that California has failed to formally repeal Penal Code section 647(e), which was invalidated by the Supreme Court in 1983, *see Kolender v. Lawson*, 461 U.S. 352, plaintiff does not allege any action on the part of the State of California. Rather, it was local law enforcement officials that stopped plaintiff. With only these allegations, it is impossible for the State of California to determine how it has allegedly violated plaintiff's constitutional rights. Quite simply, the plaintiff has not provided "sufficient detail...so that the defendant, and the court, can obtain a fair idea of what the plaintiff is complaining, and can see that there is some legal basis for recovery." *Davis v. Passman*, 442 U.S. 228, 237–238, n. 15 (1979) (citation omitted). Accordingly, not only has the plaintiff failed to allege sufficient facts to provide the State of California fair notice of his claim, he has failed to allege facts supporting a legal claim against the State of California. For these reasons, the Court should dismiss plaintiff's claim with prejudice. *See Robinson v. State of California*, 2005 WL 1561524 at*2–*3 (E.D. Cal. June 29,

1 | 2005) (dismissing complaint brought under section 1983 for failure to comply with Rule
2 | 8(a)(2)).

3 | **CONCLUSION**

4 | For these reasons, the State of California respectfully requests that the Court dismiss plaintiff's
5 | complaint with prejudice, without leave to amend.

6 | Dated:  February 13, 2008

7 | Respectfully submitted,

8 | EDMUND G. BROWN JR.
Attorney General of the State of California

9 | CHRISTOPHER E. KRUEGER
Senior Assistant Attorney General

10 | CONSTANCE L. LELOUIS
11 | Supervising Deputy Attorney General

12 | /S/ Daniel J. Powell

13 | DANIEL J. POWELL
Deputy Attorney General

14 | Attorneys for Defendant State of California

15 | 40217674.wpd
16 | SA2008100368