MICHAEL J. AGUIRRE, City Attorney
KATHRYN A. SNYDER, Deputy City Attorney
California State Bar No. 84722
    Office of the City Attorney
    1200 Third Avenue, Suite 1200
    San Diego, California 92101-4100
    Telephone:  (619) 533-5800
    Facsimile:   (619) 533-5856
    Email:  ksnyder@sandiego.gov

Attorneys for Defendant
CITY OF SAN DIEGO

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACHILLES D. CORELLEONE, | Case No.  07cv2094 L (NLS) |
| Plaintiff, | |
| v. | MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CITY OF SAN DIEGO'S MOTION TO DISMISS |
| STATE OF CALIFORNIA; CITY OF SAN DIEGO, CA; COUNTY OF SAN DIEGO, CA; JOHN DOES 1 THRU 5 | |
| Defendants. | Date:   April 28, 2008<br>Time:   10:30 a.m.<br>Court:  Hon. James Lorenz |
| | NO ORAL ARGUMENT REUESTED |

**I**

**INTRODUCTION AND FACTUAL BACKGROUND**

Plaintiff, proceeding *pro se*, has filed a "Complaint Under the Civil Rights Act 42 U.S.C. §1983." His Complaint, however, is not a complaint at all, but a legal brief. Plaintiff seems to be complaining that a former version of California Penal Code § 647(e) is unconstitutional and should not be enforced by police officers. No individual officers are named as Defendants or otherwise identified in the Complaint. The City of San Diego ("City"), however, is a named Defendant.

**1**  City now moves to dismiss Plaintiff's Complaint on the following grounds: (1)
**2** pursuant to Rule 8(a)(1) and (2) of the Federal rules of Civil Procedure, because it
**3** contains neither a short and plain statement of the grounds upon which the court's
**4** jurisdiction depends, nor a short and plaint statement of the claim showing that the
**5** pleader is entitled to relief; (2) pursuant to Rule 10(b) for failure to use numbered
**6** paragraphs containing a statement of a single set of circumstances; and (3) pursuant to
**7** Rule 12(b)(6) for failure to state a claim for relief.

**8** <center>**II**</center>

**9** <center>**ARGUMENT**</center>

**10**  **A.    PLAINTIFF'S COMPLAINT DOES NOT COMPLY WITH RULE 8**

**11**  Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint must
**12** "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which
**13** it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Specifically, Rule 8(a)(1) states that
**14** a complaint must contain "a short and plain statement of the grounds upon which the
**15** court's jurisdiction depends." Rule 8(a)(2) also states that a complaint must contain "a
**16**
**17** short and plain statement of the claim showing that the pleader is entitled to relief."
**18** Plaintiff's complaint fails to satisfy these requirements.

**19**  Rule 8 requires that a complaint's averments be simple, concise and direct. The
**20** complaint should include a statement asserting the basis for the Court's jurisdiction, a
**21** statement of the claim, and a demand for the relief the plaintiff seeks. *McHenry v.*
**22** *Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996). A "complaint should state only enough
**23** facts, in simple, concise, and direct terms to show what plaintiff's claims are and to allow
**24** defendant to respond." *Politico v. Promus Hotels, Inc.,* 184 F.R.D. 232, 233 (E.D.N.Y.
**25** 1999). The traditional pleading style as codified in the Federal Rules of Civil Procedure,
**26** examples of which are provided in the Appendix of Forms[6/] of the Federal Rules, are not

---

**27**
**28**  [6/] Federal Rule of Civil Procedure 84 provides for an Appendix of Forms "intended to indicate the simplicity and brevity of statement which the rules contemplate." *McHenry*, 84 F.3d at 1177 (citing Fed. Rule Civ. Pro. 84).

an attempt to impede the rights of *pro se* plaintiffs. These simple rules are necessary for effective and efficient litigation and, in fact, assist those untrained in the law. *Brown v. Califano*, 75 F.R.D. 497, 498-99 (D.D.C. 1997). However, "even a pro se complaint is subject to dismissal if the pleading fails reasonably to inform the adverse party of the asserted cause of action." *Id.* At 499. Complaints, as in this case, that do not comply with these simple rules deny defendants a fair opportunity to frame responsive pleadings.

In this case Plaintiff's Complaint is decidedly not simple, concise or direct. It is an eleven page legal brief that is clearly not in the form of a complaint. It should be dismissed, subject to repleading in the appropriate format should the Court allow amendment.

### B.     PLAINTIFF'S COMPLAINT DOES NOT COMPLY WITH RULE 10

Rule 10(b) of the Federal Rules of civil procedure states, in pertinent part:

> All averments of claim or defense shall be made in numbered paragraphs, the contents of each of which shall be limited as far as practicable to a statement of a single set of circumstances; … . Each claim founded upon a separate transaction or occurrence … shall be stated in a separate count of defense whenever a separation facilitates the clear presentation of the matters set forth.

Defendant City recognizes that enforcement of Rule 10(b) is discretionary and should be ordered "only when necessary to facilitate clear presentation" of claims that would enable a defendant to plead in response. *Beagleman v. Owens-Illinois Glass Co.*, 26 F.R.D. 181, 182-83 (S.D.N.Y. 1960). Nevertheless,

> Experiences teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice.

*Anderson v. District Bd. Of Trustees*, 77 F.3d 364, 367 (11th Cir. 1996).

In this case, Plaintiff has prepared a legal brief, not a complaint. Legal arguments, including numerous citations to case law, clearly do not belong in a

Complaint and unnecessarily complicate the task of responding. Defendant City, therefore, respectfully requests that, if Plaintiff is permitted to amend his Complaint, that he be ordered to do so in compliance with Rule 8 and Rule 10.

### C. PLAINTIFF HAS FAILED TO STATE A CLAIM AGAINST THE CITY OF SAN DIEGO

#### (1) Plaintiff's Complaint Refers to an Obsolete Statute

Plaintiff's Complaint is premised on what he claims is the unconstitutional enforcement of a section of California's disorderly conduct statute, California Penal Code § 647(e). A former version of this section was declared unconstitutional in *Kolender v. Lawson*, 461 U.S. 352 (1983) with respect to the requirement for showing identification to a police officer. (Complaint, pp. 1-2.)[1] Although Plaintiff does not quote from the statute itself, he appears to be paraphrasing the earlier version of the statute that was replaced by the legislature in 2007. Section 647, as currently enacted, states, in pertinent part:

> Any person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: …
>
> (e) Who lodges in any building, structure, vehicle or place, whether public or private, without the permission of the owner or person entitled to the possession or in control of it.

---

[1] The former section to which Plaintiff refers stated as follows:

Every person who commits any of the following acts is guilty of disorderly conduct, a misdemeanor: .... (e) Who loiters or wanders upon the streets or from place to place without apparent reason or business and who refuses to identify himself and to account for his presence when requested by any peace officer to do so, if the surrounding circumstances are such as to indicate to a reasonable man that the public safety demands such identification.

1  There is nothing in current § 647(e), or any other current subsection of § 647, that refers to a person providing identification to a police officer.  Plaintiff can hardly complain about the unconstitutional enforcement of a statute that no longer exists.

In his Prayer For Relief, Plaintiff seeks an injunction against enforcement of the former version of California Penal Code § 647(e).   Such relief is not cognizable since the statute has been rewritten, and § 647(e), as described by Plaintiff, has been replaced by a completely new subsection.

### (**2**) **Plaintiff Not Does State a Claim Against the City Under *Monell***

In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that municipalities were "persons" under 42 U.S.C. section 1983, and could be held liable for causing a constitutional violation. Liability for a police officer's actions at the scene under section 1983, however, is solely personal. *Duisen v. Administrator and Staff, Fulton St. Hosp., No.1, Futon, Mo.*, 332 F.Supp. 125 (W.D. Mo. 1971). Since liability under section 1983 is personal, the doctrine of respondeat superior is unavailable to impose vicarious liability under this section on another. *Ellis v. Blum*, 643 F.2d 68 (2d Cir. 1981). A local government cannot be found liable under section 1983 based on a theory of respondeat superior alone. *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).

In order to maintain a section 1983 action against a municipality, Plaintiff must plead and prove that the "action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Id*. at 690; see also *Kirkpatrick v. City of Los Angeles*, 803 F.2d 485, 491 (9th Cir. 1986); *Carter v. Three Unknown Police Officers*, 619 F.Supp. 1253, 1361 (N.D. Del. 1985). *Monell* holds that the City may only be held accountable if the deprivation was the result of municipal "custom or policy." *City of Oklahoma City v. Tuttle*, 477 U.S. 808, 877 (1985). Hence, it provides a fault-based analysis for imposing liability. *Id*. at 818.

In Plaintiff's complaint, he identifies no ordinance or regulation other than enforcement of the obsolete version of Penal Code § 647(e). Since no other custom or policy is specifically identified, Plaintiff cannot state a claim against the City for a constitutional violation under *Monell.*

### III
### CONCLUSION

For the foregoing reasons, Defendant City of San Diego respectfully requests that its Motion to Dismiss be granted.

Dated: February 13, 2008    MICHAEL J. AGUIRRE, City Attorney

By   s/ *Kathryn A. Snyder*
    KATHRYN A. SNYDER
    Deputy City Attorney

Attorneys for Defendants
CITY OF SAN DIEGO