UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACHILLES D. CORELLEONE,       )<br>                                                  )<br>            Plaintiff,                     )<br>                                                  )<br> v.                                              )<br>                                                  )<br>STATE OF CALIFORNIA, *et al.*,  )<br>                                                  )<br>            Defendants.                )<br>                                                  )<br>_____ ) | Civil No. 07cv2094-L(NLS)<br><br>**ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION [doc. #3]; GRANTING MOTIONS TO DISMISS [doc. # 10, 11]; DIRECTING ENTRY OF JUDGMENT** |

Plaintiff, appearing *pro se*, filed the above-captioned case and was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Plaintiff alleges a violation of his constitutional rights under 42 U.S.C. § 1983 against defendants the State of California, City of San Diego, and the County of San Diego. Plaintiff contends that California Penal Code § 647(e) was determined to be unconstitutionally vague in *Kolender v. Lawson*, 461 U.S. 352 (1983), yet defendants are still enforcing Section 647(e) in violation of the Fourteenth Amendment. Plaintiff also seeks a preliminary injunction.

Defendant State of California filed a motion to dismiss the complaint under Federal Rules of Civil Procedure 8(a)(1) and (2), 12(b)(1) and 12(b)(6). [doc. #10] Defendant City of San

Diego also moves to dismiss plaintiff's complaint on the same grounds.[1] [doc. #11] Hearing on defendants' motions was set for April 28, 2008. Under the Local Rules, plaintiff's opposition was due on April 14, 2008. CIV. L.R. 7.1.e.2. To date, plaintiff has neither filed oppositions nor sought an extension of time in which to file his opposition to either or both motions. When an opposing party does not file papers in the manner required by Civil Local Rule 7.1.e.2, the Court may deem the failure to "constitute a consent to the granting of a motion or other request for ruling by the court." CIV. L.R. 7.1.f.3.c. Nevertheless, the Court will review the motions on the merits.

**1.    State of California's Motion to Dismiss the Complaint**

**a.    Legal Standard for Motions to Dismiss 12(b)(1)**

Federal courts have limited jurisdictional power, and therefore, are under a continuing duty to confirm their subject matter jurisdiction over a particular case before reaching the merits of a dispute. *See Steel Co. v. Citizens for a Better Environ.*, 523 U.S. 83, 94 (1998); *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 278 (1977). "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is the power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co.*, 523 U.S. at 94 (*quoting Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988) ("Nothing is to be more jealously guarded by a court than its jurisdiction. Jurisdiction is what its power rests upon. Without jurisdiction it is nothing."), *overruled on other grounds in Partington v. Gedan*, 923 F.2d 686, 688 (9th Cir. 1991).

Under Federal Rule of Civil Procedure 12(b)(1), the court can dismiss a complaint for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). As the party asserting federal subject matter jurisdiction, plaintiff bears the burden of establishing it exists. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (stating that the burden of

---

[1] Although plaintiff attempted to serve defendant County of San Diego, service was not effectuated. *See* Form USM-285, doc. #9. The time to effectuate service of process has expired as to the County of San Diego. Therefore, the County of San Diego is not a defendant in this action. Federal Rule of Civil Procedure 4(m).

establishing jurisdiction rests upon the party asserting it); *In re Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (same).

### b. Eleventh Amendment Immunity

The Eleventh Amendment precludes any action for damages against the state or its agencies unless the state has consented to the suit or Congress has clearly articulated in the underlying statute its desire that the states be subject to suit. *Regents of the University of California v. Doe*, 519 U.S. 425, 429 (1997); *BV Engineering v. University of California, Los Angeles*, 858 F.2d 1394, 1395 (9th Cir. 1988). Section 1983 does not abrogate this immunity because the state has not consented to be sued under that statute and Congress did not override states' sovereign immunity when enacting section 1983. *Hafer v. Melo*, 502 U.S. 21, 26 (1991); *Will v. Michigan Dept of State Police*, 491 U.S. 58, 62, 67 (1989); *Groten v. State of California*, 251 F.3d 844, 851 (9th Cir. 2001). The Eleventh Amendment also prohibits damage actions against state officials acting in their official capacities. *Will*, 491 U.S. at 71 n.10. However, the Eleventh Amendment "does not bar actions against state officers in their official capacities if the plaintiffs seek only a declaratory judgment or injunctive relief." *Chaloux v. Killeen*, 886 F.2d 247, 252 (9th Cir. 1989) (internal quotations omitted). "It is well established that the Eleventh Amendment does not bar a federal court from granting prospective injunctive relief against an officer of the state who acts outside the bounds of his authority." *Porter v. Bd. of Trustees, Manhattan Beach Unified Sch. Dist.*, 307 F.3d 1064, 1074 (9th Cir. 2002). Injunctive relief, however, is available only if there is a "real or immediate threat that the plaintiff will be wronged again." *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983).

### c. Conclusion

Here, plaintiff has brought his action against the state of California and not against any state officials. Because the Eleventh Amendment bars this action under 42 U.S.C. § 1983 against the State of California, its motion to dismiss is granted with prejudice.

**2. City of San Diego's Motion to Dismiss the Complaint**

### a. Legal Standard

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the pleadings. *De*

*La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir.1978).  A complaint may not be dismissed for failure to state a claim under Rule 12(b)(6), "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In ruling on a motion pursuant to Rule 12(b)(6), a court must construe the pleadings in the light most favorable to the plaintiff, and further, must accept as true all material allegations in the complaint, as well as any reasonable inferences to be drawn therefrom.  *See Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).  But a complaint may be dismissed for failure to state a claim under Rule 12(b)(6) where the factual allegations do not raise the "right to relief above the speculative level." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007).

### b. Discussion

Plaintiff states in support of his allegations:

> The California statute allowing police officers to detain and seize a person who loiter[s] or wander[s] on the streets to identify themselves and to account for their presence when requested by a peace officer has been held by the Court of Appeals and the United States Supreme Court to be unconstitutional.  **However, the law has never been revised or repealed, therefore it is being used to violate the rights of people.**

(Complaint at 7)(emphasis added).

The statute plaintiff relies upon, California Penal Code § 647(e), was declared unconstitutional in *Kolender v. Lawson*, 461 U.S. 352 (1983).  But the version of the Code requiring the showing of identification to a police officer was superseded by a new statute that is not constitutionally deficient.  Because the statute has been superseded, plaintiff fails to state a claim under Rule 12(b)(6).

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

Further, plaintiff's cause of action arises under 42 U.S.C. § 1983 for the alleged violation of plaintiff's civil rights by unidentified police officers. The only defendants named in the complaint are the City and County[2] of San Diego, and the State of California[3]. There is no respondeat superior liability for violations of civil rights under 42 U.S.C. § 1983. *See, e.g., Board of the County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403 (1997); *Monell v. Dep't. of Social Services*, 436 U.S. 658, 691,(1978). Where a plaintiff does not name an individual officer defendant, the only liability theory available is that the constitutional violation was caused by a municipal custom or policy. *Brown*, 520 U.S. at 404 (plaintiff must demonstrate that City custom or policy was the "moving force" behind the alleged constitutional violation.).

Plaintiff does not allege that the City of San Diego has an informal policy or custom that allows officers to demand identification when investigating persons who appear to be loitering. Thus, plaintiff has not stated a claim against the City under *Monell*.

### c.    Conclusion

Because the gravamen of plaintiff's Complaint is based on a superseded statute, plaintiff can prove no set of facts in support of his claim which would entitle him to relief. The City of San Diego will be dismissed with prejudice.

### 3.    Application for Preliminary Injunction

As discussed above, defendants' motions to dismiss the actions will be granted; therefore, plaintiff's application for preliminary injunction moot.

///

///

///

///

---

[2] As noted above, the County of San Diego was not served with the Complaint and is dismissed from this action.

[3] For the reasons discussed above, the State of California is dismissed with prejudice for lack of subject matter jurisdiction.

**CONCLUSION**

Based on the foregoing, plaintiff's application for preliminary injunction is **DENIED AS MOOT.** The City of San Diego's motion to dismiss is **GRANTED with prejudice.** State of California's motion to dismiss is **GRANTED with prejudice.** The Clerk of the Court is directed to enter judgment in defendants' favor in accordance with this Order.

**IT IS SO ORDERED.**

DATED: May 13, 2008

M. James Lorenz
United States District Court Judge

COPY TO:

HON. NITA L. STORMES
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL